IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY JOE BURTON, JR., #75272-079, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1325-P |
| | ) | ECF |
| HARLEY G. LAPPIN, et al., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This action stems from a civil rights action brought by multiple federal prisoners confined at FCI Seagovile in Seagoville, Texas.

Parties: Plaintiff is presently incarcerated at FCI Seagoville. The Court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: On July 24, 2006, District Judge Sam A. Lindsay issued a Memorandum Opinion and Order, which severed the multiple-prisoner-plaintiffs complaint into separate cases, denied all motions, and required each plaintiff to file a separate complaint in his individual civil action, and pay the $250 filing fee or submit a motion for leave to proceed *in forma pauperis*. *See Baird v. Lappin*, 3:06cv0967-L (N.D. Tex., Dallas Div.). The order advised that failure to comply with the order would result in a recommendation that the action be

dismissed for failure to prosecute. As of the date of this recommendation, Plaintiff has failed to comply with the July 24, 2006 order.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to comply with the July 24, 2006 order, but he has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 14th day of September, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.